UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VENISHA ARNOLD, | § § § § | |
| Plaintiff | § § | Case Number: 4:25-cv-01337 |
| v. | § § | |
| JOSHUA BARRY; KEVIN MALONSON, CHRIS HORAN; ROBERT MALONSON 1600 WEST LOOP SOUTH, LLC; LANDRY'S LLC; and HOSPITALITY HEADQUARTERS, INC., | § § § § § § | |
| Defendants | § | |

**DEFENDANTS JOSHUA BARRY, 1600 WEST LOOP SOUTH, LLC, LANDRY'S, LLC, AND HOSPITALITY HEADQUARTERS, INC.'S FEDERAL RULE 12(b)(6) MOTION TO DISMISS**

Defendants Joshua Barry, 1600 West Loop South (d/b/a The Post Oak at Uptown Houston, hereinafter "Post Oak"), LLC, Landry's LLC, and Hospitality Headquarters, Inc. (collectively, "Defendants") file this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following.

In March 2023, Plaintiff Venisha Arnold was arrested and charged with the felony of impersonating a public servant. Ex. 1. A magistrate judge held that probable cause for Plaintiff's further detention existed and a grand jury later indicted Plaintiff of the felony. Exs. 2 and 3.

Plaintiff alleges claims against every defendant for malicious prosecution and false arrest under 42 U.S.C. § 1983 and defamation. Doc. No. 6 at p. 4. Plaintiff also alleges claims against Defendants for race discrimination under 42 U.S.C. § 1981 and malicious prosecution under Texas

law. Doc. No. 6 at p. 6. The Court should dismiss all of Plaintiff's claims against Defendants because Plaintiff fails to state a plausible claim upon which relief can be granted.

## I.     NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this lawsuit in 127th Judicial District Court of Harris County, Texas on February 21, 2025. Doc. No. 1, Ex. A-2.. Defendants received Plaintiff's Complaint via non-certified mail on February 27 and 28, 2025 and removed the case to this Court on March 21, 2025. Doc. No. 1. Three individuals Plaintiff alleges to be Harris County Precinct One Constables—Kevin Malonson, Chris Horan, and Robert Malonson—appear to have yet to be properly served and have not made an appearance in this case. *See* Doc. No. 6 at p.7 at ¶ 6 *and* Doc. No. 15. Shortly after Defendants filed a Motion for More Definite Statement, Plaintiff filed a First Amended Complaint. Doc. No. 5; Doc. No. 6.

Plaintiff alleges that she was falsely arrested and falsely accused of impersonating a public servant/prosecutor. Doc. No. 6 at p.2. Plaintiff alleges she "was maliciously prosecuted by being falsely accused and prosecuted of a felony and defamed on television because of unreliable 'evidence' from a 'harassment' investigation involving individuals the plaintiff does not know." Doc. No. 6 at p. 9.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move the Court to dismiss all of Plaintiff's claims with prejudice because Plaintiff fails to state a claim upon which relief can be granted.

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). When reviewing a complaint, the Court should "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *Body by Cook, Inc. v. State Farm Mutual Automobile Ins.*, 869 F.3d 381, 385 (5th Cir. 2017). However, the Court need not accept the plaintiff's merely conclusory allegations as true. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, a complaint that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because plausibility is "a context-specific task," the court should draw upon both its judicial experience and common sense in coming to its determination. *Id.* at 679.

Generally, when ruling on a Rule 12(b)(6) motion, the Court may consider only the plaintiff's allegations in the complaint and any attachments thereto. However, the Court may take judicial notice of public documents and may also consider documents the defendant attaches to its motion if the documents are referenced in the plaintiff's complaint and are central to the plaintiff's claims. *Funk v. Stryker Corp.*, 631 F.3d 777, 780, 783 (5th Cir. 2011).

## II. ARGUMENT AND AUTHORITIES

**A. The Court should dismiss Plaintiff's claim for defamation because it is time-barred.**

Plaintiff alleges she was defamed by a story that KPRC-TV aired on April 3, 2023 titled "Attorney Accused of Impersonating a Prosecutor." Doc. No. 6 at p. 12 at ¶ N, p. 27 at ¶ 14.

In Texas, the statute of limitations for defamation is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a). A claim for defamation accrues when the allegedly defamatory material is published. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741 (5th Cir. 2019).

Plaintiff filed her Original Petition on February 21, 2025 – more than one year after KPRC ran the allegedly defamatory story on April 3, 2023. Doc. No. 1 at Ex. A-2, Doc. No. 6 at p. 12 (¶ N), p. 27 at ¶ 14. Plaintiff's defamation claim is barred by the statute of limitations.

**B. The Court should dismiss Plaintiff's Section 1981 claim with prejudice because she does not allege any contractual relationship with Defendants.**

Plaintiff's Complaint states she "is filing suit under 42 U.S.C. 1981 . . . because the Post Oak Hotel's motivation for plaintiff's false accusation was based on race." Doc. No. 6 at p. 35 at ¶ 17. Plaintiff does not allege anywhere in her 38-page Complaint that she had (or was deprived of) a contractual relationship with Defendants—or anyone else. *See* Doc. No. 6.

Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 471 (2006) (citing 42 U.S.C. § 1981). "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship[.]" *Id. at* 475–76 (cleaned up). Therefore, to survive a motion to dismiss, the plaintiff's complaint must contain well-pleaded factual allegations showing discrimination concerning "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Dunaway v. Cowboys Nightlife, Inc.*, 436 F. App'x 386, 390 (5th Cir. 2011) (quoting 42 U.S.C. §§ 1981(a)–(b)).

Because Plaintiff's Complaint does not contain any factual allegations by which the Court could reasonably infer that Plaintiff (i) was blocked or impaired from the creation of a contractual relationship or (ii) was deprived of a contractual benefit she was entitled to, the Court should dismiss Plaintiff's Section 1981 claim with prejudice.

**C. The Court should dismiss Plaintiff's Section 1983 claims because Plaintiff's claims are impermissibly based on respondeat superior and fail to allege Barry acted under color of state law.**

**1. Plaintiff's Section 1983 claims against the Corporate Defendants fail to state a claim because Plaintiff's claims are based on respondeat superior.**

Plaintiff's Complaint alleges that Defendants 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters, Inc. (the "Corporate Defendants") are being sued for malicious prosecution and false arrest under 42 U.S.C. § 1983 based on the doctrine of respondeat superior for individual defendant Joshua Barry's actions. Doc. No. 6 at p. 4. Plaintiff alleges that individual Barry is the Security Director for Post Oak and also a reserve constable for Harris County Precinct One. Doc. No. 6 at pp. 4, 31.

"A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Goodarzi v. Hartzog*, No. H-12-2870, 2013 WL 3110056, at *5 (S.D. Tex. June 14, 2013) citing *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978). In *Goodarzi*, the court dismissed the plaintiff's respondeat superior claim because "Memorial Hermann cannot be held responsible for its employees' actions under 1983." *Id*.

Because Plaintiff's Complaint does not allege any facts by which the Court could reasonably infer that Plaintiff has stated a Section 1983 claim against the Corporate Defendants, the Court should dismiss Plaintiff's Section 1983 claims against the Corporate Defendants for malicious prosecution and false arrest with prejudice.

**2. Plaintiff's Section 1983 claims against Joshua Barry fail to state a claim because Plaintiff does not allege Barry acted under color of state law.**

To state a claim under Section 1983, a plaintiff must allege that the alleged deprivation of Constitutional rights was committed by a person acting under color of state law. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). Plaintiff's Complaint fails to do so.

"Where the defendants are private entities or actors, state action can be found where the entity or person performs a function that is traditionally the exclusive province of the state or where there is a nexus between the state and the private defendant's action 'such that the action is fairly attributable to the state.'" *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 741 (S.D. Tex. 2014 (Harmon, J.) (quoting *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), overruled on other grounds.

Plaintiff's allegations regarding defendant Barry are conclusory and do not plausibly allege that Barry acted under color of state law. Plaintiff alleges that defendant Barry, an employee of the Post Oak , and a reserve constable "played a lead role in creating the plaintiff's false accusation." Doc. No. 6 at p. 4. Plaintiff alleges that "defendants Joshua Barry and Kevin Malonson hoped to prove plaintiff was not a lawyer . . . ." *Id.* at p. 9 at ¶ A(B). Plaintiff also alleges that Barry and the other individual defendants "created false and materially misleading arrest warrant affidavits to falsely arrest, falsely accuse and maliciously prosecute plaintiff." *Id.* at p. 13. Yet nowhere does Plaintiff plausibly allege that Barry acted under color of state law. Plaintiff's Section 1983 claims against Barry fail to state a claim.

**D. Plaintiff failed to allege a viable claim for malicious prosecution.**

To state a plausible malicious prosecution claim in Texas, a plaintiff must allege (1) a criminal prosecution was commenced against her; (2) the defendant initiated or procured the prosecution; (3) the prosecution was terminated in the plaintiff's favor; (4) she was innocent of the charges; (5) the defendant did not have probable cause to initiate or procure the prosecution; (6) the defendant acted with malice; and (7) plaintiff sustained damages as a result of the prosecution. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006). Plaintiff fails to allege facts to support elements (2) and (5).

"A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities. A person procures a criminal prosecution if his actions are enough to cause the prosecution and, but for his actions, the prosecution would not have occurred." *Atchinson v. Mem'l Hermann Mem'l City Hosp.*, No. 14-17-00307-CV, 2018 WL 5260971, at *3 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, pet. denied) (mem. op.). Plaintiff's Complaint does not allege that Defendants made a formal charge to law enforcement. Nor does Plaintiff allege that but for Defendants' actions, Plaintiff would not have been prosecuted. Instead, Plaintiff alleges in conclusory fashion that Barry, *along with other individuals*, "created false and materially misleading arrest warrant affidavits." Doc. No. 6 at p. 13. Plaintiff fails to allege facts to support a conclusion that the Corporate Defendants, either on their own, or by and through Barry, initiated or procured criminal proceedings against Plaintiff. *See Huynh v. Wal-Mart Stores Texas, LLC*, No. 18-4257, 2019 WL 2931573 (S.D. Tex. June 17, 2019). Because Plaintiff fails to allege that Defendants procured or initiated Plaintiff's prosecution, Plaintiff's Complaint also fails to plausibly allege that Defendants did not have probable cause to initiate or procure Plaintiff's prosecution.

### III. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Rule 12(b)(6) motion to dismiss Plaintiff's Section 1983, Section 1981, defamation and state law malicious prosecution claims with prejudice.

**AHMAD, ZAVITSANOS & MENSING, PLLC**

*/s/ Sammy Ford IV*
Sammy Ford IV
Texas Bar No. 24061331
sford@azalaw.com
Hailey Pulman
Texas Bar No. 24121469
hpulman@azalaw.com
Hilary S. Greene
Texas Bar No. 24050688
hgreene@azalaw.com
1221 McKinney St. Ste. 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR DEFENDANTS JOSHUA BARRY, 1600 WEST LOOP SOUTH, LLC, LANDRY'S LLC, AND HOSPITALITY HEADQUARTERS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, a true and correct copy of the above and foregoing document was served on all counsel of record.

*/s/ Sammy Ford IV*
Sammy Ford IV
