IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VENISHA ARNOLD | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1337 |
| | § | |
| JOSHUA BARRY, KEVIN MALONSON, | § | |
| CHRIS HORAN, ROBERT MALONSON, | § | |
| POST OAK HOTEL, LANDRY'S, | § | |
| LANDRY'S LLC, HOSPITALITY | § | |
| HEADQUARTERS INC., 1600 WEST | § | |
| LOOP SOUTH LLC. | § | |
| | § | |
| *Defendants.* | § | |

## DECLARATION OF CHRISTOPHER SEAN HORAN

1.      My name is CHRISTOPHER SEAN HORAN. I am over the age of eighteen (18) and I am fully competent to make this declaration. Each of the facts stated herein are within my personal knowledge.

2.      On May 8, 2025, a man approached me at my residence and handed me a document. The document is attached to this declaration.

3.      I inquired what the document was and after a quick review of the document, I informed the man that I am not the person he was looking for. The man behaved as if he did not speak English well.

4.      I am not and have never been employed as a law enforcement officer by Harris County, or any subdivision or department of Harris County, including the Precinct One Constable's Office.

1

Exhibit A

5.      I am not and have never been a licensed law enforcement officer in any jurisdiction in the world, to include the State of Texas and Harris County.

6.      I have no knowledge of the events set forth in the attached document.

7.      I am not the Christopher Horan identified in the attached document.

8.      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 5, 2025_

_____
CHRISTOPHER SEAN HORAN

2

# UNITED STATES DISTRICT COURT

for the

Venisha Arnold

Civil Action No. 4:25-cv-01337

Christopher Horan

## SUMMONS IN A CIVIL ACTION

To *(Defendant's name and address)*

Christopher Horan
1302 Preston
Houston TX 77002

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are

Venisha Arnold
1707 Post Oak Blvd #640
Houston TX 77056

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

PSC-15465
EXP 08/31/2026
DEL 4/28/2025

5/8/25

CLERK OF COURT

NATHAN OCHSNER

Date: APR 24 2025

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

United States Courts
Southern District of Texas
F I L E D

**IN THE UNITED STATES DISTRICT COURT**        MAR 3 1 2025
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**        Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| VENISHA ARNOLD | ) | |
| PLAINTIFF | ) | |
| VS. | ) | CIVIL          ACTION |
| JOSHUA      BARRY, | ) | 4:25-CV-01337 |
| KEVIN   MALONSON, | ) | JURY       TRIAL |
| CHRIS      HORAN, | ) | DEMANDED |
| ROBERT  MALONSON, | ) | |
| 1600   WEST   LOOP | ) | |
| SOUTH      LLC., | ) | |
| LANDRY'S      LLC, | ) | |
| HOSPITALITY | | |
| HEADQUARTERS, INC. | | |
| DEFENDANTS | | |

# PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

## TO THE HONORABLE JUDGE KEITH P. ELLISON:

Plaintiff, Venisha Arnold brings her claims against defendants, Defendants Joshua Barry,

Kevin Malonson, Chris Horan, Robert Malonson, 1600 West Loop South LLC, Landry's

LLC and Hospitality Headquarters Inc and would show the court the following:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction because the plaintiff's lawsuit is based on federal statute.

1

This court has personal jurisdiction over this matter; all defendants have minimum contacts in the state of Texas.

2. Venue is proper in the Southern District of Texas because the action arose in the Southern District of Texas in Houston, Harris County, Texas.

## BACKGROUND FACTS

4. On March 30, 2023, Plaintiff, Attorney Venisha Arnold was falsely arrested & falsely accused of impersonating a public servant/prosecutor by the Public Corruption Division in Harris County by Former District Attorney Kim Ogg's administration & the out-of-jurisdiction Harris County Precinct 1 Constable's Office in conjunction with the Post Oak Hotel and Landrys, when plaintiff went to the hotel on March 21, 2023 after being contacted by Precinct One Constable defendant Kevin Malonson and speaking with him and his partner defendant Robert Malonson at Precinct One headquarters.

Plaintiff went to the hotel on March 21, 2023 seeking clarification regarding "harassment" of individuals she does not know that are affiliated with the hotel. The Post Oak Hotel is owned by billionaire Tilman Fertitta.

A news story regarding plaintiff's false accusation was aired on KPRC, so after being defamed on KPRC which reaches 5+ million viewers in Houston, (plaintiff is from Houston) Plaintiff released a statement via social media regarding her false accusation. Plaintiff has No Criminal Record, plaintiff is Black which means she has no racist privilege and no racist protection in society. Plaintiff has vehemently contended on social media and the internet that her false accusation is regarding a "harassment" investigation involving

2

individuals plaintiff does Not know, that is disguised as the higher offense of felony impersonation to maliciously attack plaintiff's career, reputation and character. In short, a false accusation of a misdemeanor disguised as a false accusation of a felony by corrupt law enforcement individuals and others intending to cause plaintiff career and reputational harm by falsely accusing plaintiff a Black attorney and defaming her on television. The "harassment" issue revolved around people plaintiff does Not know and people plaintiff has never met and individuals plaintiff has never contacted the "harassment" was based on unreliable "evidence" From a non-human third party (a tech company). Plaintiff's false accusation began March 30, 2023, plaintiff's false accusation was dismissed January 2025 almost two years later based on insufficient evidence of plaintiff's guilt. Due to rampant corruption in Former Harris County District Attorney Kim Ogg's administration, plaintiff a Black attorney with no criminal record, falsely accused of a non-violent offense it took this long because of the rampant corruption, political prosecutions, political favors and many false accusations in Kim Ogg's administration. The grievance plaintiff filed against Kim Ogg includes more evidence of Kim Ogg's rampant corruption. For instance Kim Ogg's false accusation of Dr. Gokal, Kim Ogg falsely accused him of theft in regard to Covid vaccines. Dr. Gokal was later no-billed by a grand jury. Plaintiff is filing suit for malicious prosecution and false arrest under the Civil Rights Act of 1983 (§ 1983), for racial discrimination claims under 42 U.S.C. 1981 and malicious prosecution under Texas law and defamation under Texas law.

3

## DELEGATION OF DEFENDANTS LIABILITY

Plaintiff is specifically filing suit against all defendants, Joshua Barry, Kevin Malonson, Chris Horan, Robert Malonson, 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters, Inc for malicious prosecution and false arrest under 42 U.S.C. § 1983 and the state law claim for defamation. The individual defendants are the law enforcement members who created plaintiffs' false accusation. Section 1983 of the federal civil rights code allows citizens to sue law enforcement agencies and police officers for misconduct. Defendants 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters, Inc are being sued for malicious prosecution and false arrest under 42 U.S.C. § 1983 and defamation because defendant Joshua Barry is an employee of the Post Oak Hotel and Fertitta Entertainment. Under the doctrine "respondeat superior" "an employer is liable for a tort committed by an employee acting "within the scope of employment." The Post Oak Hotel can be held liable based on the actions of defendant Joshua Barry. Joshua Barry is also a member of law enforcement he is a reserve constable at Harris County Precinct One. Defendant Joshua Barry played a lead role in creating the plaintiff's false accusation. Also The Post Oak Hotel played a key role in the plaintiff's defamation on KPRC-TV. The story regarding plaintiff's false accusation that ran on KPRC-TV on April 3, 2023 was billed as: **"Attorney accused of impersonating prosecutor, demanding surveillance video at Post Oak Hotel"** this constitutes prima facie defamation. *In a defamation action negligence is established upon a showing that the defendant knew or should have known that the defamatory statement was false. HDG, Ltd. v. Blaschke, 2020 WL 1809140 (Tex.*

4

*App.—Houston [14th Dist.] Apr. 9, 2020)* You will find as you continue to read this complaint that hours before plaintiff visited the Post Oak Hotel, defendant Kevin Malonson asked the plaintiff verbatim didn't the plaintiff work at the district attorney's office, and the plaintiff informed defendant Kevin Malonson that it was an internship. The court should note it was an internship from 14 years ago and defendant Kevin Malonson already knew this because as you will read in the timeline included in this complaint, that on March 3, 2023 defendant Kevin Malonson verified plaintiff's internship at the district attorney's office. *Generally, with any cause of action under Texas law, a plaintiff must show damages. However, in defamation cases, if the false and defamatory statement at issue is considered defamatory per se, the plaintiff may be awarded damages without proof of actual injury. This is because mental anguish and loss of reputation are presumed based on the statement alone. Brady v.6 Klentzman, 515 S.W.3d 878, 886 (Tex. 2017). Again, examples of statements that are defamatory per se include those accusing someone of a crime or those that tend to injure a person in his office, profession, or occupation. In re Lipsky, 460 S.W.3d at 596.* Here, in plaintiff's case it does not get any more defamatory per se than **"Attorney accused of impersonating prosecutor, demanding surveillance video at Post Oak Hotel"**. The state law claim for defamation falls under 28 USC Section 1367 the authority of federal courts to hear state-law claims that are related to claims that fall within the court's jurisdiction. Again, Plaintiff is suing **all** defendants for malicious prosecution and false arrest under 42 U.S.C. § 1983 and the state law claim for defamation.

Plaintiff is also specifically filing suit against defendants Joshua Barry, Landry's LLC, 1600 West Loop South LLC, and Hospitality Headquarters Inc for malicious prosecution under Texas law and for claims under 42 U.S.C. 1981 since the hotel's motivation for plaintiff's false accusation was based on race. These claims are in addition to plaintiff suing Joshua Barry, 1600 West Loop South LLC, Landry's LLC  and Hospitality Headquarters Inc for malicious prosecution and false arrest under Section 1983 of the federal civil rights and the state law claim for defamation. Under Texas law for a plaintiff to prevail on a claim for civil malicious prosecution a plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; **(3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor;** Thus, Texas law requires "actual interference with the defendant's person (such as an arrest or detention)  But once the special injury hurdle has been cleared (i.e. dismissed), that injury serves as a threshold for recovery of the full range of damages incurred as a result of the malicious litigation. The case regarding plaintiff's claim against all defendants  for defamation has been stated. Section 1981 of the federal civil rights code prohibits racial discrimination. You will find as you read further in this complaint the Post Oak Hotel accused a non-Black lawyer that did not have damages as extensive as the plaintiff because that non-Black lawyer was not plastered and defamed all over the media.

Plaintiff wants to be very clear because defendants requested an amended complaint regarding an allocation of defendants liability.

Plaintiff is suing **all** defendants for malicious prosecution and false arrest under 42 U.S.C. § 1983 and the state law claim for defamation.

Plaintiff is additionally suing Joshua Barry, 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters Inc for claims under 42 U.S.C. 1981 since the hotel's motivation for plaintiff's false accusation was based on race and malicious prosecution under Texas law. Plaintiff is also asserting a state law claim for defamation against Joshua Barry, 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters Inc as stated previously.

## **PARTIES**

5. The Plaintiff, Venisha Arnold a Houston, Texas native currently residing in Houston is an attorney admitted to the Washington DC Bar.

6. The defendants are listed below:

   a. Defendant Kevin Malonson, a Harris County Precinct One Constable, an individual who on information and belief is domiciled in the State of Texas

   b. Defendant Chris Horan, Harris County Precinct One Constable, an individual who on information and belief is domiciled in the State of Texas

c. Defendant Robert Malonson, Harris County Precinct One Constable, an individual who on information and belief is domiciled in the State of Texas

d. Defendant Joshua Barry, Post Oak Hotel Security Director, Reserve Harris County Precinct One Constable, an individual who on information and belief is domiciled in the State of Texas

e. Defendant Post Oak Hotel, a Texas corporation with its principal place of business at 1600 West Loop South Houston, Texas 77027

f. Defendant Landry's LLC doing business as Post Oak Hotel, a Texas corporation with its principal place of business at 1600 West Loop South, Houston, Texas 77027

g. Defendant 1600 West Loop South LLC, a Texas corporation with its principal place of business at 1600 West Loop South Houston, Texas 77027

h. Hospitality Headquarters Inc, a Texas corporation with its principal place of business at 1600 West Loop South Houston, Texas 77027

# MALICIOUS PROSECUTION AND FALSE

# ARREST

7. Malicious prosecution under 42 U.S.C. § 1983 is a claim that a defendant initiated a criminal proceeding without probable cause and acted maliciously. The plaintiff must also show that the proceeding ended in their favor. False Arrest of Section 1983 of the federal civil rights code allows citizens to sue

law enforcement agencies and police officers for misconduct. Plaintiff is filing suit against Joshua Barry, Kevin Malonson, Chris Horan and Robert Malonson, 1600 West Loop South, Landry's LLC and Hospitality Headquarters Inc for malicious prosecution and false arrest under 42 U.S.C. § 1983. The individuals involved are the law enforcement members who created plaintiffs' false accusation.

Plaintiff was maliciously prosecuted by being falsely accused and prosecuted of a felony and defamed on television because of unreliable "evidence" from a "harassment" investigation involving individuals the plaintiff does not know. Plaintiff's false accusation was dismissed almost two years later based on insufficient evidence of plaintiff's guilt.

### A. Timeline of Events

B. <u>MARCH 3, 2023</u>: Kevin Malonson of Harris County Precinct One Constable Office verified plaintiff's internship with Harris County District Attorney's Office for a "harassment" investigation for white people plaintiff does Not Know; What does plaintiff's law school internship have to do with a "harassment" investigation???? Nothing! Again, defendants Joshua Barry and Kevin Malonson hoped to prove plaintiff was not a lawyer they were looking for anything because plaintiff has no criminal record and no connection to the individuals who were being "harassed".

C. <u>MARCH 6, 2023</u>:  Defendant Kevin Malonson of Harris County Precinct One Constables Office  subpoenaed  plaintiff's laws school transcript for a "harassment" investigation for white people plaintiff does Not Know; They

hoped to prove plaintiff was not a lawyer. This act done by defendant Kevin Malonson is an egregious invasion of privacy.

D. MARCH 13, 2023 Defendant Kevin Malonson calls plaintiff to ask plaintiff to meet with him and his partner at Precinct One. Defendant Kevin Malonson's partner is his brother, defendant Robert Malonson. Defendant Robert Malonson led the False Arrest of plaintiff. You can view photos and videos of defendant Robert Malonson and other cops laughing and crawling on the floor outside of plaintiff's then residence, attempting to hide from plaintiff's security cameras.

E. MARCH 16, 2023: Plaintiff speaks with defendant detectives at Harris County Precinct One for the first time.

F. MARCH 21, 2023: plaintiff speaks with detectives for the second and final Time on 3/21/23 after speaking with both Malonsons a second time, defendant Kevin Malonson asked plaintiff verbatim didn't plaintiff work at the District Attorney's office, plaintiff stated verbatim to defendant Kevin Malonson it was an internship in check fraud. This occurred **before** Plaintiff went to speak with anyone at Post Oak Hotel. This is another fact that proves the plaintiff was set up, falsely arrested and maliciously prosecuted by Harris County Precinct One Constable's Office, Former District Attorney Kim Ogg and the Post Oak Hotel as a favor to the "billionaire" hotel owner. Also defendant Kevin Malonson already knew the answer to this question because on March 3, 2023 before calling plaintiff he verified plaintiff's internship at

the district attorney's office for a "harassment" issue involving individuals the plaintiff does **not** know.

G. <u>MARCH 21, 2023</u>: On Tuesday after speaking with detectives Plaintiff visited Post Oak Hotel at approximately 12:45pm to 1:15pm to inquire with management regarding the "harassment" because the business she frequented Stella's was closed, Plaintiff spoke briefly with three people and gave her business card, plaintiff's attire was gym clothes and sunglasses. The three people she spoke with were: two members of security and a front desk attendant.

H. <u>MARCH 21, 2023</u>: Plaintiff informed detectives of her first visit via text after she left the Post Oak Hotel

I. <u>MARCH 21, 2023</u>: Plaintiff returned to the hotel that evening at 7p-8p to speak with staff at Stella's where she was known by staff.

J. <u>MARCH 22, 2023</u>: Plaintiff sent a very detailed email to defendants Kevin Malonson and Robert Malonson detectives of her visits to the hotel on March 21, 2023

K. <u>MARCH 29, 2023</u>: Robert Malonson called plaintiff and left a voicemail to state they received her emails and requested her to return to Precinct One to identify some social acquaintances . The plaintiff sent an email to defendants Kevin and Robert Malonson to contact her counsel Morris Overstreet because plaintiff had already wasted enough of plaintiff's time speaking with them.

L. <u>MARCH 30, 2023</u>: 10 hours after plaintiff's email to Defendants 10+ cops were at plaintiff's door regarding her false accusation. Again, the plaintiff a Black attorney who has No Criminal Record, was in constant communication with detectives to clear her name, so why the need for the big false arrest? There are six videos and multiple photos of plaintiffs' big false arrest, you will see defendant Robert Malonson laughing and other cops and constables crawling on the floor and attempting to hide from plaintiff's security cameras, you also see a Houston Police Officer hovering at plaintiff's door.

M. <u>MARCH 30, 2023</u>: No charge was given to plaintiff by defendant Kevin Malonson on the day of her false arrest or PreTrial Services after plaintiff was illegally detained and falsely arrested. Plaintiff was illegally detained for more than 24 hours. Plaintiff considered it false imprisonment.

N. <u>APRIL 3, 2023</u>: KPRC-TV/Channel 2 ran a defamatory story regarding the plaintiff's false accusation and false arrest, titled "Attorney Accused of Impersonating a Prosecutor" was aired on KPRC. This was a false accusation and thus this statement is defamatory per se which is prima facie defamation. As of the filing of this lawsuit that defamatory lie is still circulating.

Harris County Precinct One Constable's Office, Former District Attorney Kim Ogg, Post Oak Hotel and Landry's attempted to destroy plaintiff a Black attorney with no criminal record regarding an affair Tilman Fertitta had with his current spouse as its understood because they thought plaintiff was "harassing" Tilman's mistress spouse and they relied on unreliable

"evidence" and lying cops to reach this conclusion.These individuals ran a malicious, slanderous, defamatory per se story about plaintiff's false accusation on KPRC. The plaintiff a Black attorney with No Criminal Record, two active nonprofits, is from Houston and currently resides in Houston. Plaintiff's booking photo was broadcasted on KPRC-TV with the intent to cause plaintiff career & reputational harm. This was all done with malicious intent.

## WARRANT OMISSIONS CONSTITUTE MALICIOUS PROSECUTION OF PLAINTIFF

8. Here, the fact that there were material omissions from the arrest warrant proves plaintiffs' case of malicious prosecution. Defendants Kevin Malonson, Chris Horan, Robert Malonson, and Joshua Barry created false and materially misleading arrest warrant affidavits to falsely arrest, falsely accuse and maliciously prosecute plaintiff. The pocket warrant Precinct One's defendant Kevin Malonson used to maliciously prosecute and falsely arrest plaintiff had material omissions that led to plaintiff being indicted for her false accusation. Before delving into issues with the witnesses let me inform the court that all witnesses are employees of Tilman Fertitta. Plaintiff is supposed to be "harassing" Tilman's relative. Plaintiff does not know Tilman's relative. Plaintiff does not know Tilman or any of his relatives. Also plaintiff's dismissed false accusation allegedly occurred at the Post Oak Hotel, again,

13

Tilman Fertitta owns the Post Oak Hotel. Thus, Tilman Fertitta owns the building, Tilman Fertitta owns the witnesses. Tilman Fertitta owns the cops at the out-of-jurisdiction Harris County Precinct One Constable's Office. The security director at the Post Oak Hotel defendant Joshua Barry is a reserve constable for Harris County Precinct One. The assistant security director is a reserve constable for Harris County Precinct One. The correct Precinct for the Post Oak Hotel is Precinct Five. Also per hotel staff if law enforcement is needed Houston Police Department is called not the constables at the out-of-jurisdiction Harris County Precinct One. As plaintiff stated on social media defending herself the constables at Harris County Precinct One are a "private gang of thugs for Post Oak Hotel". The fact that there were material omissions from the arrest warrant proves plaintiffs' case of malicious prosecution. The pocket warrant Precinct One's defendant Kevin Malonson used to maliciously prosecute and falsely arrest plaintiff had material omissions. Starting with issues with the main witness, Security Witness #1, a member of hotel security, two of the three photo identifications the main security witness made were not of plaintiff, when plaintiff was identified it was after the main witness left the photo array room for almost 10 minutes returned and then picked plaintiff's photo, plaintiff's photo was set apart from

14

the other pictures in the photo array and there was no audio given for Security Witness #1's photo array. This fact was omitted from the arrest warrant. The fact that the main security witness' faulty photo identifications of plaintiff and no audio for any of this "witness'" statement, were omitted from the arrest warrant constitutes a material omission which would have established no probable cause for plaintiff's arrest. Security Witness #2 the way this witness' statement was written as complete hearsay, hearsay! This was omitted from the arrest warrant. Security Witness #2's statement was regarding Security Witness #1's statement not eyewitness testimony. Security Witness #2 is also a reserve constable for Harris County Precinct One and the assistant director of security for the Post Oak Hotel.

The next witnesses discussed are all non-security witnesses. Again, all non-security witnesses were omitted from the arrest warrant.

-Non-Security Witness #1 the front desk attendant's statement was omitted from the warrant. The front desk attendant never identified Plaintiff as a prosecutor. The front desk attendant is the person who called security after the plaintiff asked to speak with management or security. Plaintiff's entire false accusation started with plaintiff's communication with the front desk

15

attendant. Again, The front desk attendant never identified Plaintiff as a prosecutor. This was omitted from the arrest warrant.

-Non-Security Witness #2's photo identification was inaccurate. Non-Security Witness #2 stated they were 90% sure that the individual they identified in the photo array was plaintiff, the person Non-Security Witness #2 identified in the photo array was not the plaintiff, that individual looked nothing like the plaintiff. This fact was omitted from the arrest warrant. Also another fact regarding the non-security witnesses, they were standing next to each other at the front desk but they have two different stories. All of these facts were omitted from plaintiffs arrest warrant had these facts not been omitted there would have been a finding of no probable cause to falsely arrest plaintiff which led to plaintiff's malicious prosecution for plaintiff's false accusation of felony impersonation.

Also, again another major material omission is the fact that all witnesses are employees of the Post Oak Hotel, as stated plaintiff was under investigation for "harassing" a relative of the hotel owner. Now, again the plaintiff does not know the hotel owner or any of his relatives. The court should note: Its interesting that plaintiff allegedly committed this crime at a place where

Tilman owns the building and Tilman owns everyone in the building and, Oh yeah by the way the plaintiff is supposed to be "harassing" Tilman's relative who plaintiff has never met and plaintiff has never spoke with this individual either. All of these are material facts that were omitted from the plaintiff's arrest warrant and probable cause warrant. Also the court should note that defendant Kevin Malonson filed the probable cause warrant **after** the plaintiff's probable cause hearing. Its reasonable to conclude that the defendant needed to fix or make the lies stronger for the plaintiff's false accusation. Probable cause is a requirement found in the Fourth Amendment that must be met before police make an arrest, conduct a search, or receive a warrant. Courts find probable cause when there is a reasonable basis for believing that a crime may have been committed. *The fourth amendment defines probable cause as facts or circumstances that would lead a "reasonable individual" to the conclusion that a crime either has been committed or is about to be committed.*

Here, there are no reasonable individuals, everyone from the cops to the witnesses had bias and incentives to have the plaintiff arrested and accused. It is believed by Tilman Fertitta that plaintiff harassed his former mistress now

17

spouse and Tilman wants plaintiff prosecuted all the witnesses work for Tilman Fertitta and then there is the bias of the out-of-jurisdiction Harris County Precinct One Constable's Office where the Director of Security for the hotel and Assistant Director of Security for the hotel are BOTH reserve constables for Precinct One. Harris County Constable Precinct One's Constables Office literally works for Tilman Fertitta. Tilman Fertitta is close with Harris County Precinct One Constable Alan Rosen. Tilman has generously donated to his campaign. Every step of the way the plaintiff kept Precinct One defendants Kevin Malonson and Robert Malonson informed of her actions regarding the investigation to clear her name of "harassment" of people the plaintiff does not know.

## A.

**Length of Case Proves Malicious Prosecution of Plaintiff**

Plaintiff's false accusation dragged on for almost two years despite the absurdity of the accusation, plaintiff's no criminal record, being a non-violent offense and the real motive for plaintiff's false accusation of a felony was regarding a false accusation of "harassment", a misdemeanor of individuals plaintiff does not know based on unreliable "evidence" from a non-human third party. Plaintiff's false accusation was in a special division in former

Kim Ogg's District Attorney's Office in Harris County, the public corruption division, which is not known for handling impersonation cases. That division was deemed to be full of Kim Ogg's minions as stated by local defense attorneys. Plaintiff's defense counsel for plaintiff's criminal false accusation requested statistics regarding impersonation cases in the public corruption division from Harris County District Attorney's Office under Kim Ogg and plaintiff's criminal defense counsel never received that information. The district attorney's office had ten days to comply with that request, this was in November 2023, that request to Kim Ogg's District Attorney's Office was never complied with. Former Harris County District Attorney Kim Ogg's administration was known for rampant corruption, political prosecutions, political agendas, political favors and being the worst District Attorney ever in Harris County, Texas. Kim Ogg was voted out by 80% of Harris County in the March 2024 primary for her corrupt style of "justice".

## B.

**Lack of subpoenas regarding charged offense constitute malicious prosecution; Subpoena Power Abuse**

The prosecutor, Assistant District Attorney Kim Smith, only subpoenaed IP addresses for an impersonation offense. This was a political prosecution by

former District Attorney Kim Ogg who has a history of falsely accusing innocent people and political prosecutions. This constitutes malicious prosecution and prosecutorial misconduct.

As the plaintiff has stated ad nauseam on social media this was a "harassment" charge disguised as impersonating a prosecutor. A false accusation by defendants in particular defendant Joshua Barry and defendant Kevin Malonson that was meant to intentionally cause the plaintiff harm to her career and impeccable reputation because someone called Tilman Fertitta's mistress a whore. The plaintiff's false accusation was a "harassment" charge against white people plaintiff does not know, people plaintiff has never met and people plaintiff has never contacted based on unreliable "evidence" from a third party. IP addresses have nothing to do with impersonating a prosecutor, the prosecutor was investigating the misdemeanor of "harassment" using subpoena power from the false accusation of felony impersonation. This conduct constitutes malicious prosecution of the plaintiff Attorney Venisha Arnold.

## C.

**Malicious Prosecution, Prosecutorial Misconduct and Invasion of Privacy**

Former Harris County prosecutor Kim Smith subpoenaed plaintiff's relative's AT&T Account while plaintiff was detained, plaintiff was illegally and wrongfully detained for over 24 hours. All of the plaintiffs accounts are T-Mobile. Plaintiff's relative has nothing to do with any of this. This is an invasion of privacy and this constitutes malicious prosecution by Prosecutor Smith and the former district attorney Kim Ogg. A grievance was filed against former Prosecutor Smith, she can be viewed lying about plaintiff on the defamatory per se KPRC news story.

### D.

**Racial Discrimination Component**

Seven months after the plaintiff was falsely accused a Black attorney and A Black teacher sued The Post Oak Hotel for racial discrimination. *Powells v. 1600 W. Loop S.* and *Nwosu v. 1600 West Loop South, LLC et al.* Also the Post Oak Hotel has a history of falsely accusing individuals of crimes. A few years ago the Post Oak Hotel accused another lawyer of interfering with an investigation, also that lawyer was not black, nor broadcast on TV and was charged with a misdemeanor. That case which was also under Kim Ogg's

administration has been dismissed and expunged so no further details are available.

## PLAINTIFF'S MALICIOUS PROSECUTION LED TO PLAINTIFF'S FALSE ARREST AND INDICTMENT

9. Section 1983 of the federal civil rights code allows citizens to sue law enforcement agencies and police officers for misconduct. Again, Plaintiff is filing suit against Joshua Barry, Kevin Malonson, Chris Horan and Robert Malonson, 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters, Inc for malicious prosecution and false arrest under 42 U.S.C. § 1983. These individuals are the law enforcement members behind plaintiffs false accusation. These individuals manufactured the plaintiff's false accusation. As stated earlier Joshua Barry is an employee of the hotel, Joshua is also a member of law enforcement who assisted in creating plaintiff's false accusation and Joshua Barry is employed by Post Oak Hotel.

Here, If not for the warrant omissions of defendants employed by Harris County Precinct One Constable's Office and the Post Oak Hotel, there would have been a finding of no probable cause and plaintiff would not have been falsely accused, falsely arrested and maliciously prosecuted.

The entire malicious prosecution of the plaintiff's false accusation is shadowed with bias. Bias by the undue influence of Tilman Fertitta, which led to the involvement of the out-of-jurisdiction Harris County Precinct One Constable's Office despite the offense laying outside their precinct.

Then, the fact that all the witnesses work for Tilman Fertitta and are biased to assist in the prosecution of the individual being investigated for "harassing" his relative. Despite the fact that plaintiff does NOT know Tilman Fertitta's relative, plaintiff also does not know Tilman. Plaintiff is Black all of these individuals are White.

When you combine this with the knowledge that the security witnesses were very likely already aware of the investigation into plaintiff (they were already gathering film of her at the Post Oak on earlier days when plaintiff was briefly a patron and defendant Kevin Malonson informed plaintiff on March 21, 2023 that he talked to hotel security on March 20, 2023) it makes the entire false accusation not objective and the malicious prosecution and false arrest of plaintiff amounts to misconduct for law enforcement.

Here, in the plaintiff's case there is a lack of recordings and documentation. Additionally, there are key material facts left out of the warrants such as

23

witnesses who never identified the plaintiff as a prosecutor, faulty photo identifications and the overall bias towards the plaintiff and finding any way to charge the plaintiff. Then there is the clairvoyance of the investigators to verify that plaintiff was indeed an intern at the District Attorney's office and indeed a graduate from law school all PRIOR to the alleged impersonation. If evidence is contaminated by bias or investigation flaws, it becomes unreliable and cannot be trusted as a basis for determining probable cause, and when bias infiltrates an investigation, it compromises the integrity of evidence gathering and the objectivity of the entire process which constitutes misconduct by Harris County Precinct One's defendants Chris Horan, Kevin Malonson, Robert Malonson and defendant Joshua Barry of the Post Oak Hotel. This misconduct led to the malicious prosecution, false arrest, defamation and indictment of the plaintiff.

## PROSECUTORIAL OVERCHARGING

10. Per the U.S. Department of Justice, Prosecutorial overcharging is when a prosecutor brings more serious charges than are warranted against a defendant. It can be a tactic to coerce a guilty plea or to increase the likelihood of a conviction or plea.

Here, plaintiff was the victim of a false accusation and overcharging due to corrupt former district attorney Kim Ogg and corrupt cops defendants Joshua Barry, Kevin Malonson, Chris Horan, Robert Malonson and others because of the influence of the 'billionaire' Post Oak Hotel owner Tilman Fertitta. Recall, defendant Joshua Barry is the security director at the Post Oak Hotel. Defendants thought plaintiff was behind a misdemeanor regarding individuals plaintiff does not know based on unreliable "evidence" from a third party so defendants maliciously falsely accused plaintiff of a felony and defamed plaintiff on TV. Plaintiff would like the court to consider the malicious intent behind the fact that plaintiff a Black attorney with no criminal record, was falsely accused of this absurd crime that is a felony that directly attacks her career and character and defamed plaintiff on TV in her hometown for millions to see. Why exactly did defendant Joshua Barry call defendant Kevin Malonson after plaintiff left the hotel after plaintiff's brief visit to the hotel? Plaintiff never mentioned Precinct One to the hotel staff she briefly spoke with. So again why exactly did defendant Joshua Barry call defendant Kevin Malonson at Precinct One? As stated previously Harris County Precinct One is out-of-jurisdiction for the Post Oak Hotel, again per hotel employees if police is needed the hotel calls Houston Police Department.

25

Why did defendant Kevin Malonson feel the need to ask plaintiff about her internship in the district attorney's office, hours before plaintiff went to the hotel? Also why did defendant Kevin Malonson ask plaintiff this as he walked her to the elevator instead of on the record in the interrogation room where everything was recorded? It would be reasonable to conclude that the goal was to charge and overcharge plaintiff, defame plaintiff on TV, bully plaintiff and hope plaintiff would take something. The defendants found out the hard way the plaintiff was not the person to do this with. The Plaintiff's false accusation ended in dismissal based on insufficient evidence of plaintiff's guilt.

## BLATANT LIES BY DEFENDANT TO PROLONG PROSECUTION FURTHER PROVE MALICIOUS PROSECUTION

11. The issue with the video. The first time the defendant Post Oak Hotel sent plaintiffs counsel a video of her brief time at the hotel the video was static. Then finally months later defendants send a screenshot not a video of the plaintiff wearing gym clothes and sunglasses when the plaintiff is allegedly impersonating a prosecutor speaking with an employee of the hotel. Then months after that defendants tell plaintiffs counsel that no video exists, they

have no file on plaintiff, etc all lies. For example if there was no video how did they produce a video screenshot? The games played by defendant Joshua Barry an employee of defendant Post Oak Hotel was to prolong the false accusation of plaintiff and the ongoing defamation of plaintiff's name, career and reputation. Thus, these intentional malicious delays by defendants further prove malicious prosecution of the plaintiff.

# MALICIOUS PROSECUTION ENDED IN PLAINTIFF'S FAVOR

12. Plaintiff's false accusation ended in a complete dismissal due to insufficient evidence of plaintiff's guilt. Also again remember almost two years later plaintiff's false accusation ended in a complete dismissal based on insufficient evidence of plaintiff's guilt. Thus, it took two years because of former Harris County District Attorney Kim Ogg's rampant corruption, political favors, political agendas, political prosecutions and false accusations.

# THE KPRC NEWS STORY REGARDING PLAINTIFF'S FALSE ACCUSATION IS DEFAMATORY PER SE;

14. *This portion of the plaintiff's lawsuit falls under 28 USC Section 1367 the authority of federal courts to hear state-law claims that are related to claims*

27

*that fall within the court's jurisdiction. Plaintiff is suing all defendants for defamation.*

Here, plaintiff, a private individual who is an attorney, a Black attorney from Houston has spent her entire life building her legal career as an attorney and plaintiff is the founder of two nonprofits and her Father is a lawyer. Also again the plaintiff is Black which means she has no special racist undeserving privileges in society like non-Blacks or like a white billionaire who can influence corrupt cops and a corrupt former district attorney. Plaintiff was maliciously prosecuted, falsely arrested and defamed on television billed as "Attorney Accused of Impersonating a Prosecutor" was aired on KPRC-TV. This is a false accusation and thus this statement is Defamatory Per Se which is prima facie Defamation. The Post Oak Hotel, Harris County Precinct One Constable's Office, former District Attorney Kim Ogg's communication team concocted this false narrative about plaintiff a Black Attorney with no criminal record with the malicious intent to injure plaintiff's reputation, career and name, regarding a "Harassment" issue of white individuals affiliated with billionaire Tilman Fertitta, plaintiff does not know these individuals and the silliness of the "harassment" issue is all based on unreliable "evidence" from a non-human third party regarding Tilman

Fertitta's mistress. Again, the news story that ran on KPRC with the plaintiff's booking photo constitutes Defamation Per Se against the plaintiff. Harris County Precinct One's Constables Defendant Kevin Malonson and defendant Joshua Barry's actions prove plaintiff was maliciously prosecuted, falsely arrested and intentionally defamed. Defendants knew they were falsely accusing the plaintiff. Defendants maliciously intended to slander, defame, harass, falsely accuse, maliciously prosecute and falsely arrest plaintiff to cause her career and reputational harm.

Defendant Kevin Malonson's actions a month before plaintiff was falsely accused prove this. Recall a month before plaintiff was falsely accused defendant Kevin Malonson subpoenaed plaintiff's law school records and asked plaintiff verbatim "didn't she work at the DA office?" Before the plaintiff spoke with anyone at Post Oak Hotel, the defendants acted intentionally and maliciously, prosecuting the plaintiff and manufacturing a false narrative to air on KPRC.

**A.**

29

## CLAIMS AGAINST LANDRYS LLC, HOSPITALITY HEADQUARTERS, INC AND 1600 WEST LOOP SOUTH LLC

15. This portion of the plaintiff's lawsuit falls under *28 USC Section 1367 is the authority of federal courts to hear state-law claims that are related to claims that fall within the court's jurisdiction.* Plaintiff is specifically filing suit against defendants Joshua Barry, 1600 West Loop South LLC, Landry's LLC and Hospitality Headquarters Inc for malicious prosecution and false arrest under 42 U.S.C. § 1983 and under 42 U.S.C. 1981 since the hotel's motivation for plaintiff's false accusation was based on race. Plaintiff is also asserting state law claims for defamation and malicious prosecution under Texas law.

A Texas case in the 5th Circuit that recognized the tort of malicious prosecution ***Buehler v. City of Austin/Austin Police Dep't.* , 824 F.3d 548, 555** (5th Cir. 2016) (citing *Hand* , 838 F.2d at 1427 ). "[T]he initiating party may be liable for false arrest," however, "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.' " *Id.* (quoting *Hand v. Gary* , 838 F.2d 1420, 1428 (5th Cir. 1988) Here, defendants spent nine days creating a false narrative to falsely accuse,

30

falsely arrest and maliciously prosecute the plaintiff. The false statements and faulty photo identifications in the arrest warrant for plaintiff had material omissions that would have led to a finding of no probable cause against plaintiff. Also the overall deficient investigation led to the plaintiff's malicious prosecution and illegal detainment. Defendant Joshua Barry is an employee of Tilman Fertitta, he is the Security Director for the Post Oak Hotel and Fertitta Entertainment, he is also a reserve constable for Harris County Precinct One Constable's Office. Recall Precinct One is out-of-jurisdiction for the Post Oak Hotel. Plaintiff's false accusation was maliciously prosecuted after being placed in a special division with minions and puppets of former Harris County District Attorney Kim Ogg. Plaintiff's false accusation was dismissed after almost two years based on insufficient evidence of plaintiff's guilt. Defendant Joshua Barry, defendant Kevin Malonson, defendant Robert Malonson, defendant Chris Horan all wanted to satisfy their "billionaire" boss Tilman Fertitta and bring him someone, anyone who was "harassing" his mistress. The best they could find based on unreliable "evidence" and so-called "conversations" started by employees of Tilman Fertitta, was plaintiff, A Black woman who is an attorney with no criminal record and no ties to Tilman Fertitta or any of his relatives except for

occasionally visiting a business he owned. They falsely accused, falsely arrested, maliciously prosecuted, smeared, slandered and defamed the plaintiff's name, character, career and reputation on TV for millions of people to see and they should pay plaintiff millions for the harm they caused the plaintiff over garbage.

## **SUBPOENA POWER ABUSE**

16. The court should take note regarding subpoena power abuse in the malicious prosecution of the plaintiff's false accusation. *The Fifth Amendment protects individual rights, substantive due process protects rights that are essential to liberty, such as the right to privacy, the right to marry, and freedom of contract are protected by the fifth amendment. The Fifth Amendment protects fundamental rights, limits government interference and the fifth amendment applies when government infringes on individual rights.*

Here, It's understood law enforcement used no restraint in this criminal investigation. Law enforcement does not have the right to infringe upon plaintiff's right to privacy. When plaintiff's law school transcript was subpoenaed for "harassment" regarding people plaintiff does not know,

32

plaintiff is not a criminal, plaintiff has no criminal record, plaintiff has no ties to these people and this was done based on unreliable "evidence" from a third party for non-violent text messages, this is an infringement on plaintiff's substantive due process rights.

If the court considers the facts plaintiff a Black attorney, with no criminal record, no ties to any of the white people who were "victims" of "harassment" regarding non-violent text messages based on unreliable "evidence" from a non-human third party (*Regarding this non-human third party as plaintiff told law enforcement millions of people use that third-party*). These "IP Addresses" do NOT give law enforcement free rein to subpoena plaintiff's law school records. Recall defendant Kevin Malonson went to plaintiff's law school to subpoena her law school records a month **before** the plaintiff was falsely accused. Defendant Kevin Malonson in conjunction with defendant Joshua Barry of the Post Oak Hotel subpoenaed plaintiff's law school records looking for anything because plaintiff has No criminal record. Defendants Joshua Barry and Kevin Malonson's actions were done with malicious intent. IP addresses do not give unscrupulous prosecutors like Kim Brown Smith free rein to subpoena plaintiff's relatives'

33

accounts when the plaintiff's relative has nothing to do with any of this. Plaintiff's relative's name has never been mentioned in anything. Prosecutor Kim Brown Smith was out of line and reported to the Texas Bar. The court should note courts across the country for years have held IP addresses are not reliable to identify an individual even in cases where people know each other courts throw IP addresses out as evidence. Judge Ungaro dismissed a lawsuit in March 2014 by Malibu Media stating that IP addresses cannot identify the individual. Judge Gary Brown of the U.S. District Court for the Eastern District of New York made a similar ruling earlier in 2012. Remember that an IP address alone is not sufficient evidence of a crime and cannot correctly identify an individual. The Electronic Frontier Foundation (EFF) has released a whitepaper titled: Unreliable Informants: IP Addresses, Digital Tips and Police Raids. The EFF asks law enforcement to consider IP address "evidence" as nothing more than a rumor floating around the Internet. Here, the only connection defendants claim to link plaintiff to these individuals that the plaintiff does not know is unreliable "information" from a third party not plaintiff's actual cell service provider. Thus subpoenaing plaintiff's law school records and subpoenaing plaintiff's family member's AT&T account

was an egregious invasion of privacy by defendant Kevin Malonson and former Prosecutor Kim Brown Smith.

### 1981 Claims

17. Plaintiff is filing suit under 42 U.S.C. 1981 against defendants Joshua Barry, Landry's LLC, 1600 West Loop South LLC and Hospitality Headquarters Inc because the Post Oak Hotel's motivation for plaintiff's false accusation was based on race. Tilman Fertitta-owned establishments have had a general running theme of racism and unfairness for the past 20+ years. Years ago a Black staff member on a hiring committee when the San Luis Hotel was being bought by Feritta and Landrys, an email was sent to this Black staff members' co-workers, that called her "the nigger with the buggy eyes" Fertitta & Landrys were successfully sued in Galveston County for defamation another non-Black lawyer was wrongfully arrested however the arrest was dismissed and record expunged. This lawyer did not have damages as extensive as the plaintiff since they were not plastered all over the media. **True expunction is unavailable to Plaintiff.**

35

Again, the plaintiff is bringing claims under 42 USC 1981 since the hotel's motivation was based on race. In October 2023, Post Oak Hotel was sued for Racial Discrimination by a Black teacher and a Black attorney in the Southern District of Texas. Those cases are currently pending.

## **DAMAGES**

The plaintiff is seeking recovery in the form of punitive damages for plaintiff's malicious prosecution, plaintiff's false arrest, plaintiff's career and reputational harm because of the defamation on KPRC-TV.

Again, Plaintiff is seeking punitive damages. Plaintiff's false accusation was dismissed almost two years later. Plaintiff is also seeking recovery in the form of compensatory damages.

a. Plaintiff who is a Black attorney and has no criminal record found it necessary to engage and hire three attorneys for her criminal defense of her false accusation.

36

b. Plaintiff who has no criminal record and two nonprofits found it necessary to engage and hire a reputation management firm to protect her good name and career. Plaintiff is still paying this firm to this day.

c. Plaintiff found it necessary to hire multiple investigators for her criminal false accusation.

d. Plaintiff had many missed work opportunities due to an active false felony accusation on background checks.

e. Plaintiff's admission to the Texas Bar is still delayed due to this malicious prosecution and false accusation which led to more missed work opportunities.

f. Plaintiff has to incur filing fees for two lawsuits and the cost of an expungement attorney and filing fees for the expungement attorney.

e. Plaintiff will also have to incur the cost to refile for admission to The Texas Bar.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a. Defendants be cited to appear and answer herein;

b. On final trial hereof, Plaintiff have judgment against Defendants for its punitive and compensatory damages, and pre-judgment and post-judgment interest to the extent and maximum allowed by applicable law, together with all costs of court and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Date: March 28, 2025          Respectfully Submitted

**VENISHA ARNOLD, PRO SE**

/s/Venisha Arnold

1707 ½ Post Oak Blvd #640

Houston, Texas 77056

(713) 836-8200

va@attorneyarnold.com